NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
30126
18-MAR-2011
08:01 AM

NO. 30126

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

OCEANIC COMPANIES, INC., Petitioner-Appellant,
v.
KUKUI'ULA DEVELOPMENT COMPANY (HAWAII), LLC,
Respondent-Appellee.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P. NO. 09-1-0268)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Reifurth and Ginoza, JJ.)

Petitioner-Appellant Oceanic Companies, Inc. (Oceanic) appeals from the "Order Denying Petitioner Oceanic Companies, Inc.'s Petition to Compel Arbitration Filed August 7, 2009," filed on September 16, 2009 in the Circuit Court of the First Circuit (Circuit Court).[1]

On appeal, Oceanic contends that the Circuit Court erred by denying its Petition to Compel Arbitration. Oceanic claims that a written agreement with Respondent-Appellee Kukui'ula Development Company (Hawaii), LLC (KDC) contains a provision that requires both parties to participate in binding arbitration at the request of either party. Oceanic argues that use of the word "may" in the arbitration provision mandates

_____

[1] The Honorable Derrick H.M. Chan presided.

arbitration. Oceanic also asserts that because "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration[,]" the circuit court erred in denying its petition to compel arbitration. We disagree with Oceanic's arguments and affirm.

I.    **Background**

Oceanic filed its Petition to Compel Arbitration against KDC on August 7, 2009. Oceanic alleged that on October 15, 2007, it entered into a Master Contract under which KDC, as owner, engaged Oceanic as the contractor for a project located on the island of Kaua'i. Oceanic further contends that in August 2008, KDC reduced the scope of work by $947,287.13, and then in April 2009, KDC sent Oceanic a termination letter after the reduced work was completed. Oceanic asserts that KDC must pay for lost profits according to their contract and alleges that KDC attempted to evade the lost-profit provision by sending the notice of termination.

Oceanic seeks to arbitrate the dispute. It claims that Section 45 of the Master Contract allows either party to initiate arbitration for disputes relating to the Master Contract or work performed pursuant to the Master Contract. Oceanic thus petitioned the Circuit Court to issue an order compelling arbitration between KDC and Oceanic.

Section 45 of the Master Contract states:

> 45.    ARBITRATION; JURISDICTION; VENUE. Contractor agrees to be joined as a party in any arbitration or other dispute resolution proceeding in which Owner is a party and which relates to, or arises from, in any fashion, the Work or this Master Contract. Contractor shall incorporate the preceding sentence in its subcontracts pursuant to which Contractor's subcontractors shall agree to be joined as parties in any arbitration or other dispute resolution proceeding in which Owner and Contractor are parties. Any other dispute, claim or controversy involving Contractor and Owner and arising out of or related to the Work or this Master Contract may be resolved by binding arbitration in County of Kaua'i, State of Hawaii,

2

> administered by the American Arbitration Association
> in accordance with its then current Construction
> Industry Rules, and subject to the provisions of
> H.R.S. § 601-0020 and Hawaii Arbitration Rules
> relating to judicial enforcement of agreements to
> arbitrate disputes. Exclusive venue for any
> litigation arising from, or in connection with, any
> such arbitration, and the enforcement of any
> arbitration award, shall be the Superior Court of the
> State of Hawaii.

On August 24, 2009, KDC filed a Memorandum in Opposition to Petitioner Oceanic Companies, Inc.'s Motion to Compel Arbitration.

On September 1, 2009, the Circuit Court held a hearing on Oceanic's Petition to Compel Arbitration.

On September 23, 2009, the Circuit Court issued its Order Denying Petitioner Oceanic Companies, Inc.'s Petition to Compel Arbitration Filed August 7, 2009. Oceanic timely filed this appeal.

## II. The Master Contract Does Not Mandate Arbitration

We review *de novo* the Circuit Court's decision denying Oceanic's petition to compel arbitration.

> A petition to compel arbitration is reviewed *de novo*.
> The standard is the same as that which would be
> applicable to a motion for summary judgment, and the
> trial court's decision is reviewed using the same
> standard employed by the trial court and based upon
> the same evidentiary materials as were before it in
> determination of the motion.

Douglass v. Pflueger Haw., Inc., 110 Hawai'i 520, 524-25, 135 P.3d 129, 133-34 (2006) (internal quotation marks, citations, and brackets omitted) (quoting Brown v. KFC Nat'l Mgmt. Co., 82 Hawai'i 226, 231, 921 P.2d 146, 151 (1996)).

"[W]hen presented with a motion to compel arbitration, the court is limited to answering two questions: 1) whether an arbitration agreement exists between the parties; and 2) if so, whether the subject matter of the dispute is arbitrable under such agreement." Hawaii Med. Ass'n v. Hawaii Med. Serv. Ass'n,

113 Hawai'i 77, 91, 148 P.3d 1179, 1193 (2006) (quoting Ko'olau Radiology, Inc. v. Queen's Med. Ctr., 73 Haw. 433, 445, 834 P.2d 1294, 1300 (1992)).  In this case, we are presented with the former question:  whether an arbitration agreement exists which mandates arbitration.

"Arbitration is a matter of contract; so a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." Sher v. Cella, 114 Hawai'i 263, 267, 160 P.3d 1250, 1254 (App. 2007) (internal quotation marks and citations omitted).  "[A]n agreement should be construed as a whole and its meaning determined from the entire context and not from any particular word, phrase or clause." Leeward Bus Co. v. City and County of Honolulu, 58 Haw. 64, 68-69, 564 P.2d 445, 448 (1977) (quoting Ching v. Hawaiian Rests. Ltd., 50 Haw. 563, 565, 445 P.2d 370, 372 (1968)).  "Absent an ambiguity, contract terms should be interpreted according to their plain, ordinary, and accepted sense in common speech." Hi Kai Inv., Ltd. v. Aloha Futons Beds & Waterbeds, Inc., 84 Hawai'i 75, 78, 929 P.2d 88, 91 (1996) (quoting Cho Mark Oriental Food v. K.K. Int'l, 73 Haw. 509, 520, 836 P.2d 1057, 1064 (1992)).

In this case, construing the Master Contract as a whole, determining the meaning of the arbitration provision in the entire context of the Master Contract, and interpreting the arbitration provision according to its plain meaning, we conclude that arbitration is not mandated in this matter.

First and foremost, the phrase "agrees to be joined" and the words "shall" and "may" are utilized in a particular and meaningful way in the arbitration provision set out at Section 45 of the Master Contract.  The first two sentences of Section 45 evidence a clear intent, by explicit and mandatory language, that Oceanic and its subcontractors agree to be joined in any

4

arbitration where KDC is a party and which relates, *inter alia*, to the Master Contract.

> Contractor **agrees to be joined** as a party in any arbitration or other dispute resolution proceeding in which Owner is a party and which relates to, or arises from, in any fashion, the Work or this Master Contract. Contractor **shall** incorporate the preceding sentence in its subcontracts pursuant to which Contractor's subcontractors **shall** agree to be joined as parties in any arbitration or other dispute resolution proceeding in which Owner and Contractor are parties.

(Emphasis added.) By direct contrast, the relevant sentence in Section 45 dealing with other disputes between Oceanic and KDC uses permissive language and provides that such disputes "may be resolved by binding arbitration" according to the terms set forth therein.

> Any other dispute, claim or controversy involving Contractor and Owner and arising out of or related to the Work or this Master Contract **may** be resolved by binding arbitration in County of Kaua'i, State of Hawaii, administered by the American Arbitration Association in accordance with its then current Construction Industry Rules, and subject to the provisions of H.R.S. § 601-0020 and Hawaii Arbitration Rules relating to judicial enforcement of agreements to arbitrate disputes.

(Emphasis added.) The juxtaposition of mandatory and permissive language in such proximity and usage demonstrates an intentional distinction between what is required and what is not required.[2]

Second, we disagree with Oceanic's contention that there is a "rule in Hawai'i that once one party initiates arbitration, both parties are then required to participate." To the contrary, we must look to the entirety of the Master Contract

---

[2] Section 45 of the Master Contract also curiously refers to Hawaii Revised Statutes (HRS) § 601-20 (1993), relating to the Court Annexed Arbitration Program (CAAP), and the Hawai'i Arbitration Rules. The CAAP pertains to certain civil actions in tort which are submitted to non-binding arbitration pursuant to court rules. HRS § 601-20; Hawai'i Arbitration Rules, Rule 1. The CAAP does not apply to cases such as the instant one. See Hawai'i Arbitration Rules, Rule 2 (providing that "[t]hese rules shall not be applicable to arbitration by private agreement or to other forms of arbitration under existing statutes, policies, and procedures."). The reference in the Master Contract to HRS § 601-20 further diminishes any effort to suggest that arbitration was intended to be mandatory in this case.

to discern the intent of the parties. In this regard, the cases that Oceanic cites from other jurisdictions are not dispositive because, although they address arbitration provisions containing the word "may," each of the provisions is distinct from the arbitration provision in the instant case. That is, unlike in this case, the language of the arbitration provisions in those cases do not first indicate where arbitration is mandated by use of the word "shall" and then utilize the permissive word "may" for arbitration in different circumstances.

Additionally, in many of the cases that Oceanic cites, unlike this case, the arbitration provisions express that one party has the ability to trigger or invoke arbitration. See Am. Italian Pasta Co. v. Austin Co., 914 F.2d 1103, 1104 (8th Cir. 1990) (considering provision that a dispute "may be submitted to arbitration in accordance with the Rules of The American Arbitration Association in which event, the decision of the arbitrators shall be final and binding upon the parties.") (emphasis added); Place St. Charles v. J.A. Jones Constr. Co., 823 F.2d 120, 122 (5th Cir. 1987) (addressing provision that states, in part, "Owner or Contractor may invoke arbitration, and each agrees to be bound by the result. . . .") (emphasis added); United States v. Bankers Ins. Co., 245 F.3d 315, 318 (4th Cir. 2001) (addressing a provision that a "dispute may be submitted to arbitration for a determination [that] shall be binding. . . .") (emphasis added); Deaton Truck Line, Inc. v. Local Union 612, 314 F.2d 418, 421 (5th Cir. 1962) (considering provision that "the dispute may be submitted to the arbitration and the decision of the arbiter shall be final."); Bonnot v. Congress of Indep. Unions Local #14, 331 F.2d 355, 356 (8th Cir. 1964) (considering provision that "either party may request arbitration and follow the following procedure . . .") (emphasis added).

Similarly, Oceanic's reliance on <u>Wailua Assocs. v. Aetna Cas. & Sur. Co.</u>, 904 F. Supp. 1142 (D. Haw. 1995) is not helpful. The issue there was not whether use of the word "may" expressed an intent for mandatory arbitration. Moreover, the arbitration provision in <u>Wailua Assocs.</u>, unlike in the instant case, made explicit that either party could demand arbitration and set forth the procedure the parties would follow upon such demand, stating: "If we and you disagree on the value of the property or the amount of loss, <u>either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser</u>." <u>Id.</u> at 1145 (emphasis added).

In its Reply Brief, Oceanic appears to cite <u>Young Bros., Ltd. v. Int'l Longshore and Warehouse Union, Local 142</u>, 250 F. Supp. 2d 1244 (D. Haw. 2003), for the proposition that use of the word "may" provides one party with the option of invoking binding arbitration. Oceanic quotes <u>Young Bros.</u> as holding that "[t]he court held that "the word 'may' means that [Young Brothers] has the option to arbitrate, even though not all disputes must be submitted to an arbitrator." However, <u>Young Bros.</u> is inapposite because the arbitration provision in that case gave only <u>one party</u>, the plaintiff, the option to initiate arbitration. The defendant sought to dismiss the plaintiff's suit on the ground that, *inter alia*, the plaintiff's claims had to be arbitrated. <u>Young Bros.</u>, 250 F. Supp. 2d at 1247-48. The court in <u>Young Bros.</u> stated:

> Defendants seem to assert that because Article 36 provides for an expedited arbitration procedure, Plaintiff is bound to engage in arbitration. Defendants argued at the hearing that "may" could mean "shall" or "must" in the proper context. This conclusion is flawed for the obvious reason that <u>a party is not bound to participate in a proceeding that is essentially voluntary. The court agrees that the word "may" means that Plaintiff has the option to arbitrate</u>. There is no textual basis for asserting that all issues regarding and related to the no-strike

provision in Article 23 were required to be heard and resolved by an arbitrator.

Id. at 1249-50 (emphasis added).

Third, we also disagree with Oceanic's assertion that the Circuit Court's interpretation renders the arbitration provision illusory. Instead, the provision evidences an intent to lay out the procedures that would be followed if arbitration were to occur.

Fourth, Oceanic quotes Lee v. Heftel, 81 Hawai'i 1, 911 P.2d 721 (1996) for the proposition that "[a]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." Id. at 4, 911 P.2d at 724 (citation and quotation marks omitted). The asserted presumption is inapplicable here because it applies to the scope of arbitration and not whether, as here, an agreement to arbitrate exists. The issue of the scope of arbitration arises only if an agreement to arbitrate exists. See Hawaii Med. Ass'n, 113 Hawai'i at 91, 148 P.3d at 1193.

## III. Conclusion

The "Order Denying Petitioner Oceanic Companies, Inc.'s Petition to Compel Arbitration Filed August 7, 2009," filed on September 16, 2009 in the Circuit Court of the First Circuit, is affirmed.

DATED: Honolulu, Hawai'i, March 18, 2011.

On the briefs:

Ke-Ching Ning
Kathleen M. Baker
Allison G. Yee
(Ning, Lilly & Jones)
for Petitioner-Appellant

Audrey E.J. Ng
Edmund K. Saffery
Shannon H. Sagum
(Goodsill Anderson Quinn & Stifel)
for Respondent-Appellee

Presiding Judge

Associate Judge

Associate Judge